EDWARDS, Adm. of SWANN, Garn. of FREDERICK, *vs.* GRAMLIC and others.

APPEAL from Allegany county court.

This was an attachment, issued 19th May 1851, upon a judgment by a justice of the peace, in favor of the appellees, and which, on the same day, was laid in the hands of the appellant, as administrator of Swann. From a statement of facts agreed to in the case, it appears that Swann, on the 28th February 1848, was appointed superintendent of that part of the United States road within the limits of the State of Maryland, and 10th March 1848, gave the bond required by 11th sec. of act of 1831, ch. 85, and which act was approved by a law of Congress, passed July 3rd, 1832.

That $150 were due from Swann, as superintendent of said road, to the said John Frederick, for work done on said road, on the 1st August 1850, and materials furnished, while Swann was the superintendent of said road, and at his request.

The judgment by the justice of the peace was admitted, and the laying of the attachment in the hands of Swann, administrator, to obtain the amount of the said judgment out of the estate of Swann—no audit of the accounts of Swann had been had, and it was not ascertained that he was indebted to the road. Swann died 4th August 1850.

The question submitted to the court was, did the act of 1847, ch. 201, sec. 6, render the said Swann, as superintendent aforesaid, personally liable on claims against the said road, whether he had funds in his hands or not? and whether the said act of Assembly is not an infraction of the compact, between the government of the United States and the State of Maryland?

The case was argued before LE GRAND, C. J., ECCLESTON and MASON, J.

By *Price* for appellant, and *McKaig* for the appellee.

MASON, J., delivered the opinion of the court.

This court does not feel itself at liberty in determining a case like the present, to look beyond the agreed statement of facts for the questions submitted for our adjudication. The only question submitted to us by the statement of facts in the present case is, whether the act of 1847, chap. 201, sec. 6, is an infraction of the compact between the United States and the State of Maryland, contained in the act of 1831, chap. 85?

The court are of opinion, that inasmuch as the conditions of the bond, provided for by the compact of 1831, are altered and enlarged by the act of 1847, that, therefore, the said last named act is an infringement of the compact, and, to that extent, is void and inoperative. The court therefore declare, "that the superintendent is not personally liable on his bond for claims against the said road, whether he has funds in his hands of the said road or not."

The court desire to express no opinion as to the personal and individual liability of the superintendent, independent of his bond, in any case where he may transgress the bounds of his duty, in contracting debts not particularly authorised by the compact of 1831.

*Judgment reversed.*